# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| REUBEN AND KATHARINE TOLENTINO, PROPERTIES, LLC, an Iowa limited liability company, JAMES AND BRENDA HALL, married individuals residing in California, HARPAUL AND AMRITPAL NAGRA, married individuals residing in California, WEST MULLEN IOWA, LLC, an Iowa limited liability company, M & B REAL PROPERTIES, LLC, a California limited Delaware limited liability company, RIVER WIND, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 6:08-cv-2027 EJM |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| JEFFREY A. MOSSMAN, an individual residing in Iowa, SCOTT G. MUELLER, an individual residing in Iowa, DENNIS DUDLEY, an individual residing in Iowa, INVESTORS ADVANTAGE CAPITAL FUND I, LLC, an Iowa limited liability company, CASH FLOW FINANCIAL GROUP, LLC, an Iowa limited liability company, GREATER CEDAR VALLEY FINANCIAL GROUP, LLC, an Iowa limited liability company, GREATER CEDAR VALLEY FINANCIAL GROUP II, LLC, an Iowa limited liability company, EAGLES NEST REAL ESTATE, LLC, an Iowa limited liability company, BRO PROPERTY AND APPRAISALS, L.L.C., an Iowa limited liability company, McRAE APPRAISALS, INC., an Iowa corporation, VALUATION SERVICES, INC., an Iowa corporation, and MICHAEL R. FELTNER, an individual residing in Iowa, and GARY K. DECLARK, an individual residing in Iowa, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on motions to dismiss filed by defendants Mossman, Mueller, Investors Advantage Capital Fund I, Cash Flow Financial Group, Greater Cedar Valley Financial Group, Greater Cedar Valley Financial Group II, and Eagles Nest Real Estate, filed January 15, 2009 (docket #237), by defendant Bro Property on January 16, 2009 (docket #241), by defendant McRae Appraisals and Valuation Services on January 16, 2009 (docket #242), and by defendant Dudley on January 16, 2009 (docket #243). Briefing concluded on February 19, 2009. Granted in part and denied in part.

This case arises from plaintiffs' purchase of real properties for investment purposes in Waterloo, Iowa, together with their entering into related property management agreements. Plaintiffs initially brought this action in the US District Court for the Eastern District of California on June 25, 2007. On April 18, 2008, the matter was transferred to this court. On October 9, 2008, plaintiffs filed a Third Amended Complaint.

Plaintiffs Reuben Tolentino and Katherine Tolentino are citizens of California, plaintiff KB Properties, LLC, is an Iowa limited liability company with California citizens Dean Baker and Kara Baker as its members, plaintiffs James Hall and Brenda Hall are citizens of California, plaintiffs Harpaul Nagra and Amritpal Nagra are citizens of California, plaintiff West Mullen Iowa, LLC, is an Iowa limited liability company with California citizens Dean Baker and Kara Baker as its members, plaintiff M & B Real Properties, LLC, is a California limited liability company with California citizens Dean Baker, Kara Baker, and Brett Morgan as its

members, and plaintiff River Wind, LLC, is a Delaware limited liability company with Hawaii citizen Sarah Crawford as its member.

Defendant Investors Advantage Capital Fund I, LLC, is an Iowa limited liability company with its principal office in Waterloo, Iowa. Defendant Cash Flow Financial Group, LLC, is an Iowa limited liability company with its principal office in Waterloo, Iowa. Defendant Greater Cedar Valley Financial Group, LLC, is an Iowa limited liability company with its principal office in Reinbeck, Iowa. Defendant Greater Cedar Valley Financial Group II, LLC, is an Iowa limited liability company with its principal office in Waterloo, Iowa. Defendant Eagles Nest Real Estate, LLC, is an Iowa limited liability company with its principal office in Conrad, Iowa. Defendants Jeffrey Mossman, Scott Mueller, and Dennis Dudley reside in Iowa. Mossman is the owner, and Mossman and Mueller are the principals and agents of, Investors Advantage Capital Fund I, Cash Flow Financial Group, Greater Cedar Valley Financial Group, Greater Cedar Financial Group II, and Eagles Nest Real Estate. Defendant Bro Property and Appraisals, LLC, is an Iowa limited liability company with its principal office in Toledo, Iowa. Defendant McRae Appraisals, Inc., is an Iowa corporation with its principal place of business in Cedar Falls, Iowa. Defendant Valuation Services, Inc., is an Iowa corporation with its principal place of business in Cedar Falls, Iowa. Defendant Michael Feltner resides or does business in Iowa. Defendant Gary Declark resides in Iowa.

Plaintiffs have characterized defendants in two groups. The first group, "Promoter Defendants," consists of Mossman, Mueller, Dudley, Investors Advantage Capital Fund, LLC, Cash Flow Financial Group, LLC, Greater Cedar Valley Financial Group, LLC, Greater Cedar Valley Financial Group II, LLC, and Eagles Nest Real Estate, LLC. The second group, "Appraiser Defendants," consists of Bro Property and Appraisals, LLC, McRae Appraisals Inc., Valuation Services Inc., Feltner, and Declark.

In Count 1, plaintiffs seek damages for claimed false material representations and/or omissions made by the Promoter and Appraiser defendants in violation of 15 USC §78j(b), inducing plaintiffs to purchase certain securities. In Count 2, plaintiffs claim damages for Promoter and Appraiser defendants' conspiracy to fraudulently induce plaintiffs to invest in certain securities, in violation of 15 USC §77q(a).1  In Count 3, plaintiffs claim damages for Promoter defendants' breach of fiduciary duty, and conspiracy to breach fiduciary duty, in the course of inducing plaintiffs to invest money in various ventures. In Count 4, plaintiffs seek damages from the Appraiser defendants for their alleged aiding and abetting the Promoter defendants' breach of fiduciary duty. In Count 5, plaintiffs seek damages from the Promoter and Appraiser defendants for negligent misrepresentation. In Count 6, plaintiffs seek damages from the

---

1 Plaintiffs concede that Count 2 should be dismissed as their claim of conspiracy to commit securities fraud is precluded by <u>Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.</u>, 552 US 148 (2008). <u>See</u> docket #198, p. 5, footnote 3. Count 2 shall be dismissed.

Promoter defendants for fraud, and conspiracy to commit fraud, in the course of inducing plaintiffs to purchase certain investment packages. In Count 7, plaintiffs seek damages from the Appraiser defendants for aiding and abetting the claimed fraud of the Promoter defendants. In Count 8, plaintiffs seek damages from the Promoter defendants for constructive fraud in inducing plaintiffs to invest, failing to disclose risks, and failing to register securities. In Count 9, plaintiffs (except plaintiff River Wind) seek damages from the Promoter defendants for violations of Section 25401 of the California Corporations Code, including selling a security by means of misleading written communications. In Count 10, plaintiffs (except River Wind) seek damages from the Promoter and Appraiser defendants for substantial assistance in violation of Section 25401 of the California Corporations Code under Section 25403, furthering a primary wrong. In Count 11, plaintiffs (except River Wind) seek damages from Promoter defendants for violation of Section 25110 of the California Corporations Code (offer and sale of unqualified securities). In Count 12, plaintiffs (except River Wind) seek damages from Promoter defendants for violation of the California Business and Professions Code §17200, including unlawful, unfair and fraudulent business practices. In Count 13, plaintiffs (except River Wind) seek damages from Promoter defendants for violation of California Business and Professions Code §17500, making false and misleading statements in the course of inducing plaintiffs' investments. In Count 14, plaintiff River Wind seeks damages from Promoter and Appraiser defendants for violation of Section 485-25 of the Hawaii Uniform Securities Act, for securities

5

fraud. In Count 15, plaintiff River Wind seeks damages from Promoter defendants for violation of Section 485-8 of the Hawaii Uniform Securities Act, for offer and sale of unqualified securities.

Counts 1 and 2 of the Third Amended Complaint raise federal claims, and the remaining claims in Counts 3 through 15 are based upon state law. Jurisdiction is based on 28 USC §1331, 1332, and 1367.

## MOSSMAN DEFENDANTS' MOTION TO DISMISS

Defendants Mossman, Mueller, Investors Advantage Capital Fund I, Cash Flow Financial, Greater Cedar Valley Financial Group, Greater Cedar Valley Financial Group II, and Eagles Nest Real Estate seek dismissal pursuant to FRCP 12(b)(6). In support, they assert that (1) plaintiffs' allegations fail to show the sale of a security, (2) plaintiffs fail to allege material misrepresentations of fact, (3) plaintiffs fail to allege facts showing that the claimed misrepresentations were false when made, and/or that there was a "strong inference" of fraudulent intent, and/or to show any forward looking statements were made with actual knowledge of falsity, (4) plaintiffs have failed to plead loss causation, (5) plaintiffs' securities fraud claims under California law fail because the property sales were not securities, (6) plaintiff River Wind's claims under Hawaii law fail because the property sales are not "securities," River Wind purchased real estate and not an investment in an "enterprise," and River Wind fails to allege "loss causation" sufficient to state a securities fraud claim, (7) plaintiffs' fraud claims fail to meet the specificity requirements of FRCP 9(b), (8) plaintiffs fail to plead sufficient

allegations against defendants Investors Advantage and Greater Cedar Valley Financial Group II, (9) plaintiffs fail to allege sufficient facts to show defendants had a fiduciary duty to plaintiffs, and (10) plaintiffs fail to allege sufficient facts to show that defendants Mossman and Mueller negligently gave plaintiffs misinformation.

In addressing a motion to dismiss pursuant to FRCP 12(b)(6), the court must assume all facts alleged in the complaint are true. Conley v. Gibson, 355 US 41, 45-46 (1957). The complaint must be liberally construed in the light most favorable to the plaintiff. Fusco v. Xerox Corp., 676 F2d 332, 334 (8th Cir. 1982). The motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Morton v. Becker, 793 F2d 185, 187 (8th Cir. 1986).

Beginning with the Mossman defendants' assertion that plaintiffs' purchase of packaged groups of real properties, together with the related property management agreements, fail to show the sale of a "security" within the meaning of the applicable law, they assert that these allegations fail to satisfy the elements of "investment contracts" for purposes of the securities act, to wit, plaintiffs have not alleged they were obligated to place "absolute reliance" upon defendants to manage the rental properties they purchased, and therefore the investments were not securities. Schultz v. Dain Corp., 568 F2d 612, 614-615 (8th Cir. 1978).

Schultz involved a plaintiff who purchased an apartment complex, and then entered into a management agreement with another party. Plaintiff Schultz urged that his purchase agreement and management contract together constituted an

investment contract, and a security, as does the plaintiff in this action. The Court of Appeals there found that the nature of the transaction did not require the plaintiff to surrender his individual control, as "his position is that of any landowner who does not wish to manage a property himself and delegates responsibility to an agent," notwithstanding his having entered into a multiple year management contract in which he did not possess a unilateral right of cancellation. Id. at 615. Viewing the question in accordance with the appropriate standards, it is the court's view that the instant case is controlled by Schultz. The plaintiffs in this action were not obligated to place absolute reliance on others in connection with the management of the rental property, and the management agreements were terminable upon the requisite notice. Accordingly, in the absence of a "security," the Motion to Dismiss shall be granted as to Count 1.

Similarly, as to those claims alleging securities fraud under California law, the court is satisfied that the investment contracts are not "securities." Those claims fail for want of satisfaction of the reliance element of the federal test noted above, or of the California test incorporating the element that the investors be "substantially powerless to effect the success of the enterprise," see Reiswig v. Dept. of Corporations, 144 Cal. App. 4th 327, 334 (Cal. App. 4 Dist. 2006), as plaintiffs owned the properties in fee simple, and could further control management agreements as noted above. Accordingly, Counts 9, 10 and 11 shall be dismissed.

As to the claims based upon Hawaii law, it appears that the investment contracts are not "securities" under the applicable Hawaii law for the same reasons noted above, see Trivectra v. Ushijima, 144 P.3d 1, 9 (Haw. 2006) (finding of a "security" precluded by offeree's retention/receipt of right to exercise practical and actual control over the managerial decisions of the enterprise), and therefore Counts 14 and 15 shall be dismissed.

Urging that Counts 3, 6, 7, and 8 sound in fraud, as well as Counts 12 and 13 sounding in fraud based upon the California Business and Professions Code, the Mossman defendants seek dismissal for failure to comply with FRCP 9(b), asserting that plaintiffs have failed to plead with particularity how the defendants, and each of them, knew that representations were false when made. Plaintiffs resist, urging that they alleged material misrepresentations and omissions by the Mossman defendants in paragraphs 30, 31, 32, 34 and 40 of the Third Amended Complaint.

FRCP 9 requires that in claims alleging fraud, a party must state with particularity the circumstances constituting the fraud. Intent, knowledge, and other conditions of a person's mind may be alleged generally. FRCP 9(b). It is the court's view that when considered in light of the appropriate standards, plaintiffs' fraud claims are pled with sufficient particularity and materiality as against Mossman and Mueller, with the identification of specific statements attributed to those defendants (and entities claimed to be controlled thereby) in the

Third Amended Complaint, see paragraphs 30, 31, 32,33, 40, and therefore this ground for the motion shall be denied.

Turning to the Mossman defendants' contention that plaintiffs have failed to plead sufficient allegations against defendants Investors Advantage and GCV II, Mossman asserts that no acts or omissions have been attributed to those defendants, and that Investors Advantage did not exist at the time of certain transactions. It is the court's view that considered in light of the applicable standards at this stage of the pleadings, plaintiffs' allegations, including those in paragraph 39 of Third Amended Complaint attributing actions to Investors Advantage and GVC II, are sufficient to withstand the motion to dismiss.

As to Count 3, the Mossman defendants assert that plaintiffs have failed to allege facts giving rise to a fiduciary duty to plaintiffs. Plaintiffs resist, urging that Mossman and Mueller and their related entities acted as a real estate broker offering properties for sale, and to collect rents.

Plaintiffs' fiduciary claim is premised upon defendants having acted as a real estate broker. While real estate brokers have a fiduciary duty to their clients, see Bazal v. Rhines, 600 NW2d 327, 329 (IA App. 1999), there is no claim here that plaintiffs were the clients of any of the defendants, giving rise to that fiduciary duty. Accordingly, Count 3 shall be dismissed.

Finally, Mossman urges that plaintiffs failed to state a claim for negligent misrepresentation, as defendants are not in the business of supplying information.

To establish a claim of negligent misrepresentation, a defendant must owe a duty of care to a plaintiff, and that duty arises only when the information is provided by persons in the business or profession of supplying information to others, as distinguished from transactions that are arms-length and adversarial. Sain v. Cedar Rapids Cmty. Sch. Dist., 626 NW2d 115, 124 (Iowa 2001). The tort of negligent misrepresentation does not apply when a defendant provides information to a plaintiff in the course of a transaction between the two parties, which information harms the plaintiff in the transaction with the defendant. Sturm v. Peoples Trust & Savings Bank, 713 NW2d 1 (Iowa 2006). Here, where plaintiffs have characterized the transaction as arising from defendants having supplied plaintiffs with information about defendants' properties to induce plaintiffs' purchase thereof, it is the court's view that the tort is precluded by the nature of the arms-length or adversary transaction. Id. Accordingly, Count 5 shall be dismissed as to the Mossman defendants.

In sum, the Mossman defendants are named in Counts 1, 2, 3, 5, 6, 8, 9, 10, 11, 12,13,14, and 15. Counts 1, 2, 3, 5 (only as to the Mossman defendants), 9, 10, 11, 14, and 15 shall be dismissed, leaving Counts 6, 8, 12, and 13 pending against these defendants.

## McRAE AND VALUATION MOTION TO DISMISS

Defendants McRae Appraisals and Valuation Services Inc., named in Counts 1, 2, 4, 5, 7, 10, and 14, seek dismissal urging that (1) neither vertical nor

horizontal commonality exist and therefore plaintiffs cannot plead a "security" to support claimed securities fraud, (2) no private cause of action exists for either aiding and abetting, or conspiracy to commit securities fraud, (3) no private cause of action exists for violations of California Code section 25403, (4) plaintiffs' negligent misrepresentation claim fails due to not providing enough specific allegations of misrepresentations, (5) plaintiffs claim under Hawaii Revised Statute 485-25(A) fails because the alleged securities were not in Hawaii and were not investment contracts, and (6) absent federal question jurisdiction, there is no diversity of citizenship and supplemental jurisdiction would unduly burden the court.

As noted above and for the reasons discussed in consideration of the Mossman defendants' motion to dismiss, with respect to claims in which McRae Appraisals and Valuation Services are named as defendants, Counts 1, 2, 4 (derivative of Count 3), 10, and 14 shall be dismissed.

As to the remaining Counts 5 and 7 against McRae and Valuation Services, they seek dismissal of Count 5, urging that their appraisals were not prepared for plaintiffs, nor was it foreseeable that plaintiffs would rely upon them, and therefore they owed no duty to plaintiffs. Additionally, Valuation Services asserts that certain purchase agreements were completed before it participated in any appraisals.

<u>Larson v. United Fed. Sav. & Loan Ass'n.</u>, 300 NW2d 281, 286 (Iowa 1981), provides that the preparation of an appraisal for someone other than the claimant

is not fatal to the claim. Viewing plaintiffs' claim in light of Larson, supra, and accordance with the appropriate standards of FRCP12(b)(6), the motion shall be denied on this point.

As to Count 7, aiding and abetting fraud, McRae and Valuation Services appear to assert that plaintiffs' claim is one for securities fraud, no private cause of action exists for that claim, and that while plaintiffs have avoided the use of the word "security" in Count 7, the conduct arises from the securities fraud claimed in Count 1, and therefore it is barred by Central Bank of Denver v. First Interstate Bank of Denver, 511 US 164 (1994), supra.

Unlike plaintiffs' claim in Count 1, as the court understands the claim of aiding and abetting fraud in Count 7, it is neither premised upon the existence of a "security," nor upon federal law, and therefore the motion shall be denied on this point.

McRae and Valuation further assert that plaintiffs KB Properties, LLC, and West Mullen Iowa, LLC, are Iowa corporations and therefore not diverse from the defendants of Iowa citizenship. The citizenship of a limited liability company is that of its members for jurisdictional purposes, GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F3d 827, 829 (8th Cir. 2004), and the citizenship of the members (Dean and Kara Baker of KB Properties, LLC, and of West Mullen Iowa, LLC) has been properly pled to be California. Accordingly, this challenge to diversity jurisdiction shall be overruled, however, on its own motion the court will address the matter further below.

## BRO MOTION TO DISMISS

Defendant Bro Property and Appraisals (Bro) is named in Counts 1, 2, 4, 5, 7, 10, and 14. Of those counts, as noted above, Counts 1, 2, 4, 10, and 14 will be dismissed, leaving Counts 5 and 7. Bro asserts Count 7 should be dismissed as there exists no private right of action for aiding and abetting fraud under 15 USC §78j, and further asserts that plaintiffs' remaining state law claims should be dismissed because diversity jurisdiction does not exist, and the court should not exercise supplemental jurisdiction over remaining state law claims against Bro.

As noted hereinbefore, plaintiffs' claim of aiding and abetting fraud in Count 7 is not premised upon federal law, and therefore Bro's motion shall be denied on that point. Bro's motion to dismiss for want of diversity jurisdiction raises the same grounds already discussed in the court's resolution of the McRae and Valuation motion, and in accordance therewith, the motion to dismiss on those grounds shall be denied, though as previously noted, the matter of diversity jurisdiction shall be addressed further on the court's own motion below.

## DUDLEY MOTION TO DISMISS

Defendant Dudley seeks dismissal, asserting that plaintiffs fail to plead the existence of a security, and plaintiffs' state-law fraud claims lack particularity, including being internally contradictory as multiple defendants are alleged to have made representations inconsistent to each other in a manner that would preclude

14

plaintiffs' reliance thereon. Additionally, upon dismissal of the federal claims, Dudley urges that the court lacks subject matter jurisdiction for the same reasons asserted by the McRae and Valuation defendants.

With respect to claims in Counts 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, and 15, in which Dudley is named as a defendant, Counts 1, 2, 3, 9, 10, 11, 14, and 15 shall be dismissed for reasons noted above, leaving Counts 5, 6, 8, 12 and 13 pending.

Turning to Dudley's remaining assertions, it is the court's view that as to defendant Dudley the FRCP 9(b) requirement of particularity is satisfied by paragraphs 32 and 39 of the Third Amended Complaint, and the fact of potentially inconsistent representations by different defendants does not preclude plaintiffs' reliance thereon so as to warrant dismissal under FRCP 12. The motion shall be denied as to Counts 6, 8, 12, and 13 (Dudley's motion did not address Count 5), and to the extent the motion seeks dismissal for want of subject matter jurisdiction (due to lack of diversity of citizenship) in the absence of a "security" and therefore the absence of a federal claim, the motion shall be denied for the reasons discussed above in the court's resolution of the McRae and Valuation motion to dismiss.

## SUBJECT MATTER JURISDICTION

Returning to the subject matter jurisdiction questions raised above, with the dismissal of the federal claims, it appears that diversity jurisdiction remains the court's basis of jurisdiction pursuant to 28 USC §1332, or failing that, supplemental

jurisdiction pursuant to 28 USC §1367. Plaintiffs have pled diversity jurisdiction, and they have satisfactorily pled the citizenship of all relevant plaintiffs. However, while they have generally pled that the citizenship of the parties is diverse, they have not expressly pled the citizenship (as distinguished from mere residence) of the individual defendants, nor the identity and citizenship of members of the defendant LLC's. While the court has resolved the jurisdictional challenge made on the basis of the plaintiff LLC's being Iowa LLC's as noted above, plaintiffs shall be directed to file a supplemental jurisdictional statement setting forth the citizenship of the individual defendants, as well as the identity and citizenship of the member(s) of the defendant LLC's.

In accordance with the foregoing, Counts 6, 8, 12, and 13 will remain pending against the Mossman defendants. Counts 5 and 7 will remain pending against McRae, Valuation, and Bro. Counts, 5, 6, 8, 12, and 13 will remain pending against defendant Dudley.

It is therefore

ORDERED

1. Granted in part and denied in part in accordance herewith. Counts 1, 2, 3, 4, 9, 10, 11, 14, and 15 are dismissed.

2. Count 5 is dismissed as to the Mossman defendants.

3. Plaintiffs shall file a supplemental jurisdictional statement in accordance herewith by not later than Friday, November 20, 2009.

October 22, 2009.

_Edward J. McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT